UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Diana Vara, Amanda Wilson, Noemy Santiago, Kennya Cabrera, and Indrani Manoo, *on behalf of themselves and all others similarly situated*, <br><br> And <br><br> COMMONWEALTH OF MASSACHUSETTS <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and ELISABETH DEVOS, in Her official capacity as Secretary of Education, <br><br> Defendants. | Civil Action No. 19-12175-LTS <br><br><br><br><br><br><br><br> Civil Action No. 19-12177-LTS |

# STIPULATIONS OF FACT

1. Corinthian Colleges, Inc. (Corinthian) was a publicly traded company that operated postsecondary schools across the country.

2. On April 3, 2014, the Office of the Attorney General for the Commonwealth of Massachusetts (AGO) filed a complaint against Corinthian in the Superior Court of Massachusetts alleging that Corinthian had violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A. A true and correct copy of this Complaint has been filed with the Court as Exhibit 1 to this Stipulation.

3. The Superior Court entered an Order on Summary Judgment in favor of the AGO on June 6, 2016. A true and correct copy of this Order has been filed with the Court as Exhibit 2 to this Stipulation.

4. On August 1, 2016, the Superior Court entered a Judgment against Corinthian. A true and correct copy of this Judgment has been filed with the Court as Exhibit 3 to this Stipulation.

This document was filed *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 29-1.[1]

5. In 2015, following numerous investigations for misconduct, Corinthian closed its schools and filed for bankruptcy.

6. Immediately after Corinthian collapsed, Education received about a thousand borrower defense claims.

7. Education in 2016 published information on its website to educate borrowers on the availability of relief from their loans. https://www.ed.gov/news/press-releases/us-department-education-announces-path-debt-relief-students-91-additional-corinthian-campuses (accessed January 22, 2020).

8. Education created attestation forms in which borrowers could apply for a borrower defense loan discharge by verifying the program they attended and certifying that they chose to attend the schools based on the schools' promotional materials and other available information regarding job placement rates and the quality of education provided by the schools. https://borrowerdischarge.ed.gov/s/?language=en_US (accessed January 22, 2020).

9. Education reports that, by November 12, 2019, it had resolved about 65,000 applications. https://www.ed.gov/sites/default/files/documents/borrower-defense-relief.pdf (December 10, 2019 Policy Statement) (accessed January 22, 2020).

---

[1] The Court may take judicial notice of all materials filed in the docket in *Williams v. DeVos*, Civil Case No 16-11949-LTS, *see* Fed. R. Evid. 201. Some such materials are included as exhibits to this Stipulation for the convenience of the Court.

10. In December of 2019, Education released a new borrower defense methodology. https://www.ed.gov/news/press-releases/secretary-devos-approves-new-methodology-providing-student-loan-relief-borrower-defense-applicants (accessed January 22, 2020). *See also* December 10, 2019 Policy Statement.

11. In November 2015, the AGO filed a defense to repayment document (the DTR Submission) with Education that sought cancellation of federal student loan debt incurred by Massachusetts students who attended Corinthian. The DTR Submission was accompanied by a cover letter, 34 Exhibits, and 12 Appendices. The Department received the cover letter and DTR Submission, including all Exhibits and Appendices attached thereto. A true and correct copy of the cover letter accompanying the DTR Submission has been filed with the Court as Exhibit 4 to this stipulation. The same document was filed in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 50-1 (Keller Decl. Ex. B). A true and correct copy of the DTR Submission has been filed with the Court with personal identifying information redacted as Exhibit 5 to this stipulation. The same document was filed in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 47-1; *see also id.* ECF No. 74 (allowing request to unseal); ECF No. 76 (list of documents to unseal).

12. Exhibit 3 to the DTR Submission contained documents, totaling 189 pages, concerning over 30 individual former Corinthian students in Massachusetts. A true and correct copy of Exhibit 3 to the DTR Request has been filed with the Court with personal identifying information redacted as Exhibit 6 to this stipulation. The same document was filed, without redaction and under seal, in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 93.

13. Exhibit 4 to the DTR Submission contained the name, addresses, phone numbers, e-mail addresses, enrollment status, date of enrollment, date of graduation, campus and program(s) attended of 7,241 students. Exhibit 4 to the DTR Submission does not contain the social security numbers or birthdates of the students that are listed.

14. On January 8, 2016, Education responded to the DTR Submission, and the AGO received this response.

15. A true and correct copy of Education's response to the DTR Submission, which is attached to the Declaration of David Michael Page (Page Declaration), is in Exhibit 7 to this Stipulation. This document was filed in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 93 (under seal).

16. On January 17, 2020, David Michael Page, Attorney Advisor in Education's Borrower Defense Unit stated under oath that the individual borrower defense applications in Exhibit 3 to the AGO's DTR Submission "were forwarded to the [Federal Student Aid] personnel responsible for Borrower Defense Intake, for adjudication in the regular course." Page Declaration, at ¶ 7.

17. On December 15, 2017, a duly authorized representative of Education testified that "Education did not consider the list of 7,200 names provided in Exhibit 4 to constitute individualized applications for Borrower Defense discharge and did not consider students listed in Exhibit 4 as having applied for Borrower Defense discharge." This testimony was submitted in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 50-1 (Second Decl. of Chad Keller), *see also id.*, ECF No. 74 (allowing request to unseal); ECF No. 76 (list of documents to unseal).

18. Education, in answer to the initial complaint filed in *Vara v. DeVos*, stated that it "do[es] not consider the Massachusetts Attorney General's submission as a Borrower Defense application on behalf of each of the individuals listed in Exhibit 4." ECF No. 18.

19. Education, in answer to the initial complaint filed in *Vara v. DeVos*, stated that "the collection procedures on unpaid federal student loans continue for former Massachusetts Everest students who have not personally applied for Borrower Defenses or other types of student loan discharges." ECF No. 18.

20. In 2017, attorneys from the Legal Services Center provided a "Statement of Law and Common Facts" to Education in connection with borrower defense submissions of former students of Everest, Massachusetts. A declaration from an Education official regarding this point will be filed as soon as practicable, and Education will file an updated version of this stipulation that includes the ECF number. A true and correct copy of the "Statement of Law and Common Facts" has been filed with the Court as Exhibit 8 to this Stipulation.

21. On October 24, 2018, the Court entered an Order on Motions for Judgment in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 99.

22. On February 5, 2019, the Court held a status conference in *Williams v. DeVos*. A transcript of this status conference is available in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 110, and has been filed with the Court as Exhibit 9 to this Stipulation.

23. Plaintiff Darnell Williams did not file an individual borrower defense application with Education. A declaration from an Education official regarding this point will be filed as soon as practicable, and Education will file an updated version of this stipulation that includes the ECF number.

24. On February 20, 2019, counsel for Education sent a letter to the AGO regarding the Order in *Williams*. The AGO received this letter. A copy of this letter has been filed with the Court as Exhibit 10 to this stipulation. A true and correct copy of this letter was filed in *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 116-4.

25. On February 26, 2019, the AGO filed a Motion to Compel Compliance with the Order, *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 117.

26. On August 8, 2019, the Court entered an Order denying the AGO's Motion, *Williams v. DeVos*, Civil Case No. 16-11949-LTS, ECF No. 144.

27. On December 12, 2019, Secretary DeVos testified before the House Committee on Education and Labor at a hearing entitled "Examining the Education Department's Implementation of Borrower Defense." Video of the hearing available at https://www.c-span.org/video/?467233-1/house-hearing-student-loan-debt-forgiveness.

28. On July 26, 2016, the AGO submitted a request to the Department of Education for discharge of the federal student loans of all students who attended American Career Institute (ACI) in Massachusetts between 2010 and ACI's closure on January 9, 2013. Education received this request.

29. On January 4, 2017, Education's Borrower Defense Unit submitted a memorandum to Education's UnderSecretary and Office of General Counsel recommending that the AGO's request be granted. The UnderSecretary and a representative of the Office of General Counsel signed this memorandum on January 13, 2017. A true and correct copy of this memorandum has been filed with the Court as Exhibit 11 to this Stipulation.

30. Education did not grant the group discharge sought by the AGO in the DTR Submission.

*Diana Vara*

31. The information possessed by the *Vara* Plaintiffs regarding Plaintiff Vara has been summarized by Vara's declaration, which was filed with the Court as ECF No. 11-1 in the *Vara* case.

32. The information possessed by Education regarding Plaintiff Vara has been summarized in the Declaration of Cristin Bulman, dated January 10, 2010 (DOE Vara Declaration). That declaration, and its attachments, was filed with the Court with personal identifiers redacted as ECF No. 31 in the *Vara* case.

33. Additionally, Exhibit 4 to the AGO's DTR Request identifies Plaintiff Vara, and states that she attended the Medical Assistant (60 credits, 920 hours, v2) program at the Chelsea campus, beginning on November 22, 2013 and ending (with graduation) on October 29, 2014. It provides a mailing address, email address, and three telephone numbers for Plaintiff Vara.

*Amanda Wilson*

34. The information possessed by the *Vara* Plaintiffs regarding Plaintiff Wilson has been summarized by the Wilson declaration, which was filed with the Court as ECF No. 11-2 in the *Vara* case.

35. Exhibit 4 to the AGO's DTR Request identifies Plaintiff Wilson and states that she attended the Medical Assisting (47 cr. 720 hrs) program at the Chelsea campus beginning on April 29, 2009, and ending (with graduation) on December 28, 2009. Exhibit 4 also provides a mailing address, two email addresses, and two telephone numbers for Plaintiff Wilson.

36. The information possessed by Education regarding Plaintiff Wilson has been summarized in the Declaration of Cristin Bulman. That declaration, and its attachments was filed with the Court with personal identifiers redacted as ECF No. 32 in the *Vara* case.

*Noemy Santiago*

37. The information possessed by the *Vara* Plaintiffs regarding Plaintiff Santiago has been summarized by the Santiago declaration, which was filed with the Court as ECF 29-3 in the *Vara* case.

38. Exhibit 4 to the AGO's DTR Request identifies Plaintiff Santiago and states that she attended the Dental Assisting (47 cr. 720 hrs) program at the Brighton campus, beginning on August 28, 2007, and ending (with graduation) on June 19, 2008. Exhibit 4 lists a mailing address, an email address, and two telephone numbers for Plaintiff Santiago and contains the following information about her.

39. The information possessed by Education regarding Plaintiff Santiago will summarized in the Declaration of Cristin Bulman or another appropriate Education official (DOE Santiago Declaration).  That declaration, and its attachments, will filed with the Court with personal identifiers redacted as soon as practicable.

*Indrani Manoo*

40. The information possessed by the *Vara* Plaintiffs regarding Plaintiff Manoo has been summarized by the Manoo declaration, which was filed with the Court as ECF No. 29-2 in the *Vara* case.

41. Exhibit 4 to the AGO's DTR Request identifies Plaintiff Manoo and states that she attended the Medical Administrative Assistant (47 cr) program at the Brighton campus, beginning

on June 21, 2010, and ending (with graduation) on March 4, 2011. Exhibit 4 provides a mailing address, email address, and two phone numbers for Plaintiff Manoo.

42. The information possessed by Education regarding Plaintiff Manoo will be summarized in the Declaration of Cristin Bulman or another Education official (DOE Manoo Declaration). That declaration, and its attachments, will be filed with the Court with personal identifiers redacted as soon as practicable.

*Kennya Cabrera*

43. The information possessed by the *Vara* plaintiffs regarding Plaintiff Cabrera has been summarized by the Cabrera declaration, which was filed with the Court as ECF No. 29-1 in the *Vara* case.

44. Exhibit 4 to the AGO's DTR Request identifies Plaintiff Cabrera and states that she attended the Medical Insurance Billing and Coding (47 cr, 720 hrs v2) program at the Chelsea campus, beginning on June 9, 2008, and ending (with graduation) on March 17, 2009. Exhibit 4 provides a mailing address, email address, and a telephone number for Plaintiff Cabrera.

45. The information possessed by Education regarding Plaintiff Cabrera will be summarized in the Declaration of Cristin Bulman or another Education official (DOE Cabrera Declaration). That declaration, and its attachments, will be filed with the Court with personal identifiers redacted as soon as practicable.

Dated: January 22, 2020

                        Respectfully submitted,

                        United States Department of Education and Elisabeth De Vos

        By their attorney,

        Andrew E. Lelling
        United States Attorney

By:   */s/ Annapurna Balakrishna*
        Rayford A. Farquhar
        Annapurna Balakrishna
        Anita Johnson
        Assistant United States Attorneys
        United States Attorney's Office
        1 Courthouse Way - Suite 9200
        Boston, MA 02210
        (617) 748-3100
        annapurrna.Balakrishna@usdoj.gov

        */s/ Toby R. Merrill*
        Toby R. Merrill
        Eileen Connor
        Kyra A. Taylor (*pro hac vice*)
        LEGAL SERVICES CENTER OF
        HARVARD LAW SCHOOL
        122 Boylston Street
        Jamaica Plain, MA 02130
        Tel.: (617) 390-3003
        Fax: (617) 522-0715
        *Attorneys for* Vara *Plaintiffs*

        COMMONWEALTH OF MASSACHUSETTS
        MAURA HEALEY
        MASSACHUSETTS ATTORNEY GENERAL

By:   */s/ Yael Shavit*
        Yael Shavit (BBO# 695333)
        Diana Hooley (BBO# 685418)
        Assistant Attorneys General
        Office of the Massachusetts Attorney General
        One Ashburton Place
        Boston, MA 02108
        (617) 963-2197 (Shavit)
        (617) 963-2198 (Hooley)
        Yael.Shavit@mass.gov
        Diana.Hooley@mass.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel for all parties of record through the ECF system on January 22, 2020.

*/s/ Diana Hooley*

Diana Hooley