**NOTIFY**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 2014-1093-E

COMMONWEALTH OF MASSACHUSETTS

v.

CORINTHIAN COLLEGES, INC. and
CORINTHIAN SCHOOLS, INC.

## FINDINGS AND ORDER FOR ENTRY OF JUDGMENT

Plaintiff Commonwealth of Massachusetts having moved this Court for summary judgment against defendants Corinthian Colleges, Inc. and Corinthian Schools, Inc. (collectively "Corinthian") pursuant to Mass. R. Civ. P. 56; and

The court having considered the Commonwealth's unopposed motion and statement of undisputed facts, together with the affidavits and exhibits submitted by the Commonwealth in support of the motion; and

The court having jurisdiction over the subject matter of this action pursuant to G.L. c. 93A, § 4; and

The court having personal jurisdiction over defendants pursuant to G.L. c. 223A § 3(a) and (b); and

Venue being proper in Suffolk County pursuant to G.L. c. 223, § 5 and G.L. c. 93A, § 4; and

The court having allowed, on June 6, 2016, the Commonwealth's unopposed summary judgment motion as to defendants' liability for the Commonwealth's claims,

The court makes the following findings as to damages on the claims for which defendants were found to be liable:

1. The Commonwealth submitted a calculation of restitution damages in the affidavit of Dr. Burt Feinberg, sworn to December 22, 2015 (the "restitution calculation"), in support of the Commonwealth's Motion for Summary Judgment.

2. Dr. Feinberg testified at a hearing held by the Court on July 26, 2016, to consider the Commonwealth's request for damages.

3. Dr. Feinberg, who has a Ph.D. in mathematics from Tufts University, is a mathematician employed by the Office of the Attorney General, 1 Ashburton Place, Boston MA 02108. Dr. Feinberg has many years of experience performing damages and related calculations in a range of insurance, financial, and education cases.

4. The Commonwealth's complaint in this action alleges that defendants committed unfair or deceptive acts or practices by misrepresenting, inter alia, the value and quality of the education provided to students, misrepresenting the placement rates and the probability of employment, promising students jobs they never received, and overstating the earnings students would receive in such jobs, and by steering students into unfair private loans created and guaranteed by defendants, in violation of c. 93A, section 4.

5. Restitution is authorized in cases where defendants are found to have liability for unfair or deceptive acts or practices in violation of c. 93A, section 4.

6. The Commonwealth's restitution calculation measures the monies acquired from consumers by defendants, restoring these consumers to the position they were in prior to the unfair or deceptive acts or practices that were the basis for the summary judgment on liability.

7. The restitution calculation is based on data on the costs of certain of defendants' Dental Assistant, Medical Assistant, Medical Administrative Assistant, Medical Insurance Billing and Coding, and Massage Therapy programs at defendants' Everest Brighton and Everest Chelsea campuses for students enrolling during the period July 1, 2007 through June 30, 2014. The cost data were provided in defendants' catalogs or on defendants' websites, and are contained in the Affidavit of Jennifer Snow ("Snow Affidavit"), Exhibit 126, sworn to on December 23, 2015, submitted in support of the Commonwealth's Motion for Summary Judgment.

8. The costs used in the restitution calculation include costs for tuition, fees, books, and supplies. These costs were aggregated to produce the total costs for each of programs during each of the relevant time periods.

9. In the restitution calculation, Dr. Feinberg determined the number of graduates in each program during each of the relevant periods from data

provided in spreadsheet form by defendants. The spreadsheet, contained in the Snow Affidavit as Exhibit 71 and provided to the Court in electronic form on disk, contains a complete list of all students enrolled at Corinthian during the relevant time period, together with fields showing the students' school, program, enrollment dates, graduation dates, if any, and certain other directory information.

10. Dr. Feinberg extracted counts of all graduates who enrolled in each relevant program during the annual time periods extending from July 1 through June 30 in each of the years 2007 through 2014 from Snow Affidavit Exhibit 71.

11. The Commonwealth's restitution calculation includes counts of all graduates who made payments to defendants during the relevant time periods, both those who obtained jobs after graduating and those who did not.

12. The restitution calculation makes no distinction between graduates as to whom the record on summary judgment contains statements that such students relied on defendants misrepresentations, and graduates as to whom the record contains no such statements.

13. The Commonwealth's restitution calculation uses the counts of graduates in each program during the relevant period and the costs for each such program to determine the total amount paid by all graduates to defendants for each such program.

4

14. The Commonwealth then aggregates the payments for all programs to determine the restitution amount.

15. The total restitution amount contained in Dr. Feinberg's affidavit is at $67,333,091. This amount represents the total of all monies acquired by defendants from graduates enrolling in the relevant programs during the period July 1, 2007 through June 30, 2014.

## ORDER FOR ENTRY OF JUDGMENT

Upon consideration of the foregoing findings, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendants Corinthian Colleges, Inc. and Corinthian Schools, Inc. shall jointly and severally make restitution in the amount of $67,333,091 to the Attorney General of the Commonwealth, together with interest and the costs of this action.

*[signature]*
Peter M. Lauriat
Justice of the Superior Court

Dated: August 1, 2016