UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Commonwealth of Massachusetts<br><br>  Plaintiff,<br><br>v.<br><br>United States Department of Education and Elisabeth DeVos, in her official capacity as Secretary of Education,<br><br>  Defendants. | Civil Action No. 1:19-cv-12177-LTS |

**DEFENDANTS' MOTION TO DISMISS**

This case concerns the January 8, 2016, response of the United States Department of Education (Education) to a November 30, 2015, request from the Massachusetts Attorney General (the AGO) to cancel 7,241, student loans. In its response, Education asked the AGO for information and pledged to address the issues raised by the AGO. Education also placed the 30 individual applications submitted by the AGO into a queue for adjudication.

In October 2019—nearly four years later—the Commonwealth of Massachusetts filed this Administrative Procedure Act lawsuit to challenge Education's action. The Commonwealth asks this Court to declare that its submission established borrower defenses for the 7,241, listed people.

This Court should dismiss this lawsuit under Fed. R. Civ. 12(b)(1). The Commonwealth lacks Article III standing because it has not identified unlawful action by *the defendants* that harmed the borrowers. Further, as a prudential matter, the Court should not permit the Commonwealth to sue the federal government as parens patriae where, as here, it does not have an interest separate from those of the borrowers. Judicial review is also unavailable under 5 U.S.C. § 701(a)(2), because the Secretary's decision whether to initiate a group discharge process is committed to her discretion by law, and there are no meaningful standards by which the Court can

evaluate the challenged actions.  Finally, Title IV of the Higher Education Act of 1965 prohibits the issuance of declaratory relief that functions as injunctive relief.

The Court can also dismiss this case under Fed. R. Civ. P. 12(b)(6), because the Commonwealth has not identified an act or omission of the defendants that violated the Higher Education Act or any related regulation, rule, policy, or guideline.  Moreover, res judicata bars the Commonwealth's claim.  Indeed, just last year, a federal judge concluded that the Commonwealth did not have standing to challenge the defendants' response to the AGO's submission.

While a borrower defense regulation has existed since 1995, Education received very few claims until 2015, when applications started pouring in.  Indeed, between 2016 and 2019, Education received over 290,000, individual borrower defense applications from people across the country.  In response, Education devoted resources to creating protocols, simplifying procedures, revising its regulations, and adjudicating applications filed by individuals.  The Commonwealth now asks this Court to order Education to allow more than seven thousand people—most of whom may not have followed Education's procedures—to skip ahead of those who followed the rules and are in line for adjudication.  *That* would be arbitrary and capricious.

A memorandum of law accompanies this motion.

                    Respectfully submitted,

                    United States Department of Education and Elisabeth DeVos, Secretary of Education

                    By their attorney,

                    Andrew E. Lelling
                    United States Attorney

By:   */s/ Annapurna Balakrishna*
       Annapurna Balakrishna
       Anita Johnson
       Assistant United States Attorneys
Dated: January 27, 2020       annapurna.balakrishna@usdoj.gov

## Local Rule 7.1 Certification

I certify that I conferred with counsel for the plaintiff before filing this motion.

> */s/ Annapurna Balakrishna*
> Annapurna Balakrishna
> Assistant United States Attorney